DECISION
This appeal concerns certain clerical errors that occurred for the five tax years: 2002-03 through 2006-07. The residential property is identified as Account 10867200.
A case management conference was held on May 12, 2008. Participating were William C. Smith, Trustee, and Chris Parton, Defendant's appraiser. They agreed the case would be decided[1] based on subsequent written submissions. This was confirmed by the court's Journal Entry filed May 16, 2008. The record closed July 14, 2008.
 I. STATEMENT OF FACTS
The subject property is a single-family residence located in Jackson County. For the earlier January 1, 1998, assessment date the property was an unimproved building lot. For the subsequent 1999-2000 tax year, the records indicated an 83 percent complete house, which was reflected in its real market value (RMV). For tax year 2000-2001, the records showed the land and house as 100 percent complete. However, in certifying the assessment roll, the prior 83 percent corresponding to maximum assessed value (MAV) was dropped from Defendant's records. *Page 2 
According to Defendant's letter (May 15, 2008), "[c]ertified MAV of house reflects only the
17 % increase of completion RMV." (Def's Ltr at 1, May 12, 2008.) That was a clerical error. The assessed values through the subsequent years never reflected the 100 percent completion of the subject property.
Defendant discovered its error in 2007 and sent out the required statutory notices. Corrections and revised tax estimates were provided for the five tax years at issue. Plaintiff disagrees with the corrections, contending that the error was "entirely committed by Jackson County, not something I, as a tax payer, have caused." (Ptf's Compl at 2.) At the conference, Plaintiff's representative stated that he had no dispute with Defendant's concluded values, but contested the action of adding any additional values to the tax rolls.
 II. ANALYSIS
ORS 311.205[2] is mandatory in its operation. When the assessor discovers a clerical error, it must be corrected; there is no discretion involved.
ORS 311.205(1)(a) reads as follows:
 "The officer may correct a clerical error. A clerical error is an error on the roll which either arises from an error in the ad valorem tax records of the assessor, * * * or which is a failure to correctly reflect the ad valorem tax records of the assessor, ** * and which, had it been discovered by the assessor * * * prior to the certification of the assessment and tax roll of the year of assessment would have been corrected as a matter of course, and the information necessary to make the correction is contained in such records. Such errors include, but are not limited to, arithmetic and copying errors, and the omission or misstatement of a land, improvement or other property value on the roll."
Here, the information to correct the error was contained within Defendant's records. That is not an error in value judgment. Corrections that are not valuation judgment related include "the correction of a tax limit calculation." ORS 311.205(1)(b). *Page 3 
Similar results have occurred with other cases presented to this forum. Matthews v. Lane County Assessor, TC-MD No 030819D (Aug 8, 2003);Suess v. Lane County Assessor, TC-MD No 020642F (July 30, 2002).
Plaintiff also requested additional time to pay the total additional taxes billed. The court is without authority to order such payment plans. However, it is noted that Defendant's representative stated that Jackson County may be able to "`work' with him" as to options and alternatives. (Def's Ltr at 2, May 12, 2008.)
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
[1] On August 29, 2008, Plaintiff requested that the case be set for mediation. Defendant earlier opposed such a proceeding. Given the legal basis for this Decision, a mediation is not considered appropriate by the court.
[2] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1